UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID LAPINE,                                                                      08 civ. 0429 (KMK)

                      Plaintiff,

                                                                       **ANSWER**

         -against-

BRIAN NICHOLS and WILLIAM JACKSON,
sued in their individual capacities,
DENNIS MILLER, sued in his individual
capacity,

                      Defendants.
------------------------------------------------------------X

      Defendant named herein as BRIAN NICHOLS and WILLIAM JACKSON, sued in their individual capacities, DENNIS MILLER, sued in his individual capacity, by their attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiffs' Complaint dated January 14, 2008, allege upon information and belief as follows:

### I. PARTIES

      FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" of the Plaintiff's Complaint.

### II. JURISDICTION

      SECOND:    Denies each and every allegation contained in paragraphs "5" and "6" of the Plaintiff's Complaint.

## III. **FACTUAL ALLEGATIONS**

THIRD: Denies each and every allegation contained in paragraphs "7 " of the Plaintiff's Complaint but admits that a female officer sued defendant Nichols alleging sexual harassment which was denied by defendant Nichols.

FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "8", "13", "16", "17", "20" and "21" of the Plaintiff's Complaint.

FIFTH: Denies each and every allegation contained in paragraphs "9", "12", "14", "15", "18", "22", "23", "24", "25", "26", "27", "28", "29", "30", "31", "32", '33" and "34" of the Plaintiff's Complaint.

SIXTH: Denies each and every allegation contained in paragraphs "10" of the Plaintiff's Complaint but admits that plaintiff filed and litigated an alleged First Amendment retaliation case in this Court against defendant Miller which was denied by defendant Miller.

SEVENTH: Denies each and every allegation contained in paragraphs "11" of the Plaintiff's Complaint but admits that case settled in 2006.

EIGHTH: Denies each and every allegation contained in paragraphs "19" of the Plaintiff's Complaint but admits two representatives of the police department came to the plaintiff's residence.

## IV. CAUSES OF ACTION

NINTH: Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "34"of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

TENTH: Denies each and every allegation contained in paragraphs "36", "37" and "38" of the Plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

ELEVENTH: The plaintiff's complaint failed to state a cause of action and/or claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWELFTH: The plaintiff's claims do not rise to the level of a constitutional violation as against these defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTEENTH: The actions of the plaintiff were not a motivating factor for the conduct of the defendants complained of in the plaintiff's complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

FOURTEENTH: The plaintiff's speech was not a matter of public concern.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FIFTEENTH: The Laws of the State of New York provide an adequate remedy at law for plaintiff's claims barring the instant action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

SIXTEENTH: Plaintiff has failed to pursue relief available under the Laws of the State of New York.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The defendants are entitled to qualified immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

EIGHTEENTH:  The defendants are entitled to absolute immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

NINETEENTH:  The defendants' conduct was based upon valid existing code provisions.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTIETH:  The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

THIRTEENTH:  The defendants acted in good faith and without malice.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

FOURTEENTH:  The plaintiff's damages, if any, were caused and/or contributed to by reason of the culpable conduct of the plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FIFTEENTH: The plaintiff's damages, if any, were caused and/or contributed to by reason of the improper and unlawful acts of the plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

SIXTEENTH: Defendants actions were not motivated by protected speech or activity of the plaintiff.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

SEVENTEENTH:  Plaintiff was not selectively treated by the named defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:  The actions of defendants were not barred based upon impermissible considerations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

NINETEENTH:  The attorney for the plaintiff is a necessary witness and must be recused.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTIETH:  Plaintiff and his attorney are in violation of confidentiality provisions of a Settlement Agreement executed by them and approved and Ordered by the Hon. Charles Brieant, U.S.D.J., on March 3, 2006 and claims thus made must be dismissed.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:  Plaintiff suffered no chilling affect on any protected conduct, activity or speech.

WHEREFORE, defendants demand judgment dismissing complaint of Plaintiff against them, together with the costs and disbursements of this action

Dated: White Plains, NY
       February 28, 2008

Yours, etc.

_____
JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendants
55 Church Street, Suite 211
**White Plains, NY  10601**
**Tel:   (914) 385-6000**
**Fax:  (914) 385-6060**

TO:  SUSSMAN & WATKINS
     Attorneys for Plaintiff
     P.O. Box 1005
     Goshen, NY  10924

**VERIFICATION**

STATE OF NEW YORK        )
                                              SS.:
COUNTY OF WESTCHESTER  )

I, THE UNDERSIGNED, AM AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF THE STATE OF NEW YORK, AND SAY THAT:  I AM THE ATTORNEY OF RECORD, OR OF COUNSEL WITH THE ATTORNEY OF RECORD, FOR THE DEFENDANTS, **BRIAN NICHOLS and WILLIAM JACKSON, sued in their individual capacities, DENNIS MILLER, sued in his individual capacity,** I HAVE READ THE ANNEXED **VERIFIED ANSWER**, KNOW THE CONTENTS THEREOF, AND THAT SAME ARE TRUE TO MY OWN KNOWLEDGE, EXCEPT THOSE MATTERS THEREIN WHICH ARE STATED TO BE ALLEGED UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS THEREIN NOT STATED UPON KNOWLEDGE, IS BASED UPON THE FOLLOWING:  MATERIAL IN THE FILE, INFORMATION AND DOCUMENTS CONTAINED IN SAID FILE.

Dated: White Plains, New York
           February 28, 2008

_____
JOHN J. WALSH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID LAPINE,                                              08 civ. 0429

                Plaintiff,                              **NOTICE TO TAKE**
                                                        **DEPOSITION UPON**
    -against-                                           **ORAL EXAMINATION**

BRIAN NICHOLS and WILLIAM JACKSON,
sued in their individual capacities,
DENNIS MILLER, sued in his individual
capacity,

                Defendants.
------------------------------------------------------------X

**COUNSELORS:**

      **PLEASE TAKE NOTICE,** that pursuant to Article 31 of the Civil Practice Law and Rules the testimony, upon oral examination, of the plaintiffs, **DAVID LAPINE,** as adverse parties, will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at **the Law Offices of Hodges, Walsh & Slater, LLP, located at 55 Church Street, Suite 211, White Plains, NY on the 29th day of April, 2008,** at **10:00 a.m.** in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

Dated: White Plains, NY
       February 28, 2008

Yours, etc.

_____
JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendants
55 Church Street, Suite 211
**White Plains, NY  10601**
**Tel:    (914) 385-6000**
**Fax:   (914) 385-6060**

TO:    SUSSMAN & WATKINS
      Attorneys for Plaintiff
      P.O. Box 1005
      Goshen, NY  10924

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK        )
                                          SS.:)
COUNTY OF WESTCHESTER    )

MARIANN MUSCOLINO, being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On February 29, 2008, I served a true copy of the annexed **Answer with Notice to Take Deposition Upon Oral Examination** in the following manner: by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action as indicated below:

TO:   **Sussman & Watkins
        Attorneys for Plaintiff
        P.O. Box 1005
        Goshen, NY  10924**

_____
MARIANN MUSCOLINO

Sworn to before me this
29th day of February, 2008

_____
Notary Public