

# HODGES WALSH & SLATER, LLP
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601
(914) 385-6000
FAX (914) 385-6060
www.hwslaw.com

**MEMO ENDORSED**

John J. Walsh II, Esq.
Direct E-Mail: jwalsh@hwslaw.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

March 27, 2008

Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

      **Re:**      **Lapine v. Nicholas, Jackson and Miller**
                  **08 CIV. 0429**
      **Our File No.: 053-047 JJW**

Honorable Sir:

Pursuant to your rules we are hereby requesting permission to make a Motion to Dismiss and/or for Summary Judgment herein. Enclosed is a copy of plaintiff's Complaint and the Answer served on behalf of the defendants.

Plaintiff's Complaint contains a number of allegations which are demonstrably inaccurate. Further, claims contained in the Complaint are not properly pled, are simply conclusory in nature; and do not assert causes of action for which relief can be granted.

For example, plaintiff presents a number of allegations concerning a late night visit to his premises by members of the Town of East Fishkill Police Department. This visit was occasioned by a 911 cell phone call received by the County of Orange which was then transferred to the County of Dutchess and referred to the Town of East Fishkill for investigation. The cell phone from which the call was made was traced to the plaintiff's wife and the officers involved did no more than question people at the plaintiff's premises to ascertain whether any emergency services were required.

It was during this investigation that it was learned that the plaintiffs had two illegal apartments in the garage existing behind their home. Pursuant to town policy, this was reported to the Office of the Building Inspector and referred to Arthur Kaufman, the Deputy Zoning Administrator. Mr. Kaufman wrote a letter to the plaintiffs advising them that the Certificate of Compliance filed with the town for plaintiff's detached garage did not contain an indication that the garage would have electrical service and that no Electrical Inspection Certificate had been filed. Mr. Kaufman requested an on-site inspection.

As a result, the plaintiffs apparently complained to the Town Supervisor who was the first to advise Defendant William Jackson, the town's Building Inspector. The Supervisor then asked Mr. Jackson to take no further action and suggested that the matter be referred to an adjoining municipality for on-site inspection. The matter was referred to the Town of Fishkill, an employee of whom inspected plaintiff's property and issued a report indicating that the accessory apartments were not within the parameters of local zoning codes.

An application by the plaintiff to the Town of East Fishkill Zoning Board of Appeals for a zoning variance was denied by Decision and Order noting that at least nine other applications for accessory units in detached buildings had also been denied. None of this was occasioned by the actions of any of the defendants herein and plaintiff has no constitutional right to violate the Zoning Codes of the Town of East Fishkill. "Where a plaintiff challenges a discreet governmental decision as being based on a impermissible criteria, and it is undisputed that the government would have made the same decision regardless, there is no cognizable injury warranting relief under Section 1983." Texas v. LeSage, 528 U.S.18, 120 S.Ct. 467 (1999).

Further, plaintiffs' Complaint fails to set forth adequate details to allow defendants to appropriately ascertain the basis for certain of the claims asserted. For example, in Paragraphs 11 and 12, plaintiffs' allege that defendant Dennis Miller failed to "lessen the hostile work environment to which [plaintiff] has been exposed", pursuant to a confidential settlement agreement reached in a prior action. Paragraph 12 then goes on to state that rather than take such actions "Miller continued his hostility toward plaintiff, failing to accord him equality in either assignments or treatment". Plaintiffs make no allegations concerning any actions of Miller that allegedly reflect this ongoing hostility nor they specify in any way what was done in particular by Miller in breach of the confidential settlement agreement. "…A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone". Flaherty v. Coughlin, 713 F 2nd 10, 13 (CA2 1983).

Finally, plaintiffs' Complaint contains allegations of fact which simply state no cognizable cause of action whatsoever. For example, during the course of a campaign in which plaintiff was a candidate, plaintiffs allege that defendant Jackson "barred plaintiff from using his property and made a media issue of the Lapines' operation of an allegedly illegal accessory apartment on their property." Plaintiffs had an illegal accessory apartment on their property, of that there can be no doubt.

Plaintiffs now seek to punish the defendants for the fact that the media made an issue of such illegality.

The Complaint goes on to allege that defendant Jackson "so acted during the 2007 Political campaign as part of a conscious, intentional and concerted effort to embarrass plaintiff, burden his candidacy for public office and punish him for his protected speech and activity". The Complaint goes on to state that defendant Jackson "and those subordinate to him made false and misleading public statements intended to denigrate and diminish David Lapine, thereby hindering his chances of being elected and punishing him for his protected speech".

In light of what is presently occurring in the political arena in the United States, if claims such as these are found adequate to support a suit based in retaliation, the Court will be inundated by claims brought by unsuccessful candidates for office.

Similarly, plaintiffs claim that "Defendant Nichols allowed members of his police department to put up political signs hostile to plaintiff Lapine [emphasis added]." Imagine if defendant Nichols had forbidden members of his police department to put up political signs.

Finally, all of the actions of the individual defendants about which plaintiff specifically complaint are subject to a defense of qualified immunity. For example, regardless of motive, or a police officer to report an illegal structure and for a building inspector to enforce known zoning codes are not actions which violate clearly established rights of the plaintiff and bare allegations of malice will not serve to overcome a qualified immunity defense. Crawford-El v. Britton, 523 U.S. 574, 588 118 S.Ct. 1584 (1998).

For the reasons set forth above, it is respectfully requested that the defendants be permitted to bring on a motion pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Procedure to dismiss and/or for summary judgment.

Most respectfully submitted,

John J. Walsh

*[Handwritten note:]* The Court will hold a pre-motion conference on April 21, 2008, at 11:30. Defendants' time to answer is stayed until then.

SO ORDERED
KENNETH M. KARAS U.S.D.J.
4/2/08

JJW:kl
Encl.

Cc:   Sussman & Watkins
      P.O. Box 1005
      Goshen, NY 10924