UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID LAPINE,

                Plaintiff,

   -against-

BRIAN NICHOLS and WILLIAM JACKSON,
sued in their individual capacities,
DENNIS MILLER, sued in his individual
capacity,

                Defendants.
------------------------------------------------------------X

08 civ. 0429 (KMK)

**VERIFIED ANSWER TO AMENDED COMPLAINT**

Defendant named herein as BRIAN NICHOLS and WILLIAM JACKSON, sued in their individual capacities, DENNIS MILLER, sued in his individual capacity, by their attorneys, **HODGES, WALSH & SLATER, LLP,** as and for an Answer to plaintiffs' Amended Complaint dated May 2, 2008, allege upon information and belief as follows:

## II. JURISDICTION

    FIRST:    Denies each and every allegation contained in paragraphs "5" and "6" of the Plaintiff's Amended Complaint.

## III. FACTUAL ALLEGATIONS

    SECOND:    Denies each and every allegation contained in paragraphs "7 " of the Plaintiff's Complaint but admits that a female officer sued defendant Nichols alleging sexual harassment which was denied by defendant Nichols.

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "8", "15", "18", "19", "22", "23" and "25" of the Plaintiff's Amended Complaint.

FOURTH: Denies each and every allegation contained in paragraphs "9", "12", "16", "17", "20", "24", "26", "27", "28", "29", "30", "31", '32", "33", "34", "35" and "36" of the Plaintiff's Amended Complaint.

FIFTH: Denies each and every allegation contained in paragraphs "10" of the Plaintiff's Amended Complaint but admits that plaintiff filed and litigated an alleged First Amendment retaliation case in this Court against defendant Miller which was denied by defendant Miller.

SIXTH: Denies each and every allegation contained in paragraphs "11" of the Plaintiff's Amended Complaint but admits that case settled in 2006.

SEVENTH: Denies each and every allegation contained in paragraphs "21" of the Plaintiff's Amended Complaint but admits two representatives of the police department came to the plaintiff's residence.

## IV. CAUSES OF ACTION

EIGHTH: Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "36" of Plaintiff's Amended Complaint with the same force and effect as if fully set forth at length herein.

NINTH: Denies each and every allegation contained in paragraphs "38", "39" and "40" of the Plaintiff's Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH: The plaintiff's complaint fails to state a cause of action and/or claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH: The plaintiff's claims do not rise to the level of a constitutional violation as against these defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH: The plaintiff's speech was not a matter of public concern.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTEENTH: The Laws of the State of New York provide an adequate remedy at law for plaintiff's claims barring the instant action.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FOURTEENTH: Plaintiff has failed to pursue relief available under the Laws of the State of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTEENTH: The defendants are entitled to qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: The defendants are entitled to absolute immunity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The defendants' conduct was based upon valid existing code provisions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

EIGHTEENTH: The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

NINETEENTH: The defendants acted in good faith and without malice.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTIETH: The plaintiff's damages, if any, were caused and/or contributed to by reason of the culpable conduct of the plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: The plaintiff's damages, if any, were caused and/or contributed to by reason of the improper and unlawful acts of the plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: Defendants actions were not motivated by protected speech or activity of the plaintiff.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:: Plaintiff was not selectively treated by the named defendants.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: The actions of defendants were not based upon impermissible considerations.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: The attorney for the plaintiff is a necessary witness and must be recused.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Plaintiff and his attorney are in violation of confidentiality provisions of a Settlement Agreement executed by them and approved and Ordered by the Hon. Charles Brieant, U.S.D.J., on March 3, 2006 and claims thus made must be dismissed.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Plaintiff suffered no chilling affect on any protected conduct, activity or speech.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The claims of plaintiff as asserted against defendant Dennis Miller are barred by the terms of the Settlement Agreement of March 3, 2006.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: Defendant Dennis Miller has met all of those obligations set forth in the Settlement Agreement of March 3, 2006.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

THIRTIETH: Plaintiff has failed to comply with the terms of the Settlement Agreement of March 3, 2006 and has failed to exhaust the remedies set forth therein.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

THIRTY-FIRST: Plaintiff has failed to exhaust available administrative remedies.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

THIRTY-SECOND: There existed adequate justification for the actions of the defendants.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

THIRTY-THIRD: Defendants are required by law and their oaths of office to uphold the laws of the United States of America, the State of New York and the Town of East Fishkill.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff's claims are barred by the doctrine of collateral estoppel.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff's claims are not ripe for judicial review.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Plaintiff has not suffered an adverse employment action.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Defendants' First Amendment rights of free speech are not abrogated by the holding of public office.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Plaintiff has suffered no improper adverse affect as the result of any statement or action of the defendants.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: Plaintiff political advocacy and activity were not chilled by the actions of the defendants.

WHEREFORE, defendants demand judgment dismissing amended complaint of Plaintiff against them, together with the costs and disbursements of this action

Dated: White Plains, NY
May 19, 2008

Yours, etc,

JOHN J. WALSH (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendants
55 Church Street, Suite 211
**White Plains, NY  10601**
**Tel:   (914) 385-6000**
**Fax:  (914) 385-6060**

TO:   SUSSMAN & WATKINS
      Attorneys for Plaintiff
      P.O. Box 1005
      Goshen, NY  10924

## VERIFICATION

STATE OF NEW YORK            )
                                          SS.:
COUNTY OF WESTCHESTER  )

I, THE UNDERSIGNED, AM AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF THE STATE OF NEW YORK, AND SAY THAT: I AM THE ATTORNEY OF RECORD, OR OF COUNSEL WITH THE ATTORNEY OF RECORD, FOR THE DEFENDANTS, **BRIAN NICHOLS and WILLIAM JACKSON, sued in their individual capacities, DENNIS MILLER, sued in his individual capacity,** I HAVE READ THE ANNEXED **VERIFIED ANSWER TO AMENDED COMPLAINT**, KNOW THE CONTENTS THEREOF, AND THAT SAME ARE TRUE TO MY OWN KNOWLEDGE, EXCEPT THOSE MATTERS THEREIN WHICH ARE STATED TO BE ALLEGED UPON INFORMATION AND BELIEF, AND AS TO THOSE MATTERS THEREIN NOT STATED UPON KNOWLEDGE, IS BASED UPON THE FOLLOWING: MATERIAL IN THE FILE, INFORMATION AND DOCUMENTS CONTAINED IN SAID FILE.

Dated: White Plains, New York
        May 19, 2008

                                                      _____
                                                       JOHN J. WALSH

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                         SS.:)
COUNTY OF WESTCHESTER    )

Kim J. Lambertus, being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On May 20, 2008, I served a true copy of the annexed Verified **Answer to Amended Complaint** in the following manner: by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action as indicated below:

TO:  Sussman & Watkins
     Attorneys for Plaintiff
     P.O. Box 1005
     Goshen, NY  10924

_____
Kim J. Lambertus

Sworn to before me this
20th day of May, 2008

_____
Notary Public

JOHN J. WALSH
Notary Public, State of New York
No. 4827450
Qualified in Orange County
Commission Expires May 31, 20_10_