UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID LAPINE,                                                          08 civ. 0429 (KMK)

                      Plaintiff,

        -against-                                         **DEMAND FOR**
                                                                  **INTERROGATORIES**

BRIAN NICHOLS and WILLIAM JACKSON,
sued in their individual capacities,
DENNIS MILLER, sued in his individual
capacity,

                      Defendants.
------------------------------------------------------------X

       BRIAN NICHOLS and WILLIAM JACKSON, sued in their individual capacities, DENNIS MILLER, sued in his individual capacity, by their attorneys, HODGES WALSH & SLATER, hereby demands that plaintiff David Lapine provide a sworn and verified response to the following interrogatories:

    1.    Set forth your full name, all of the names by which you have been known, your age, date and place of birth, and your present marital status, together with the date of your current marriage, the name of your spouse, and the dates of any prior marriages and the names of any prior spouses.

    2.    Set forth your present home address, together with addresses of all residencies for the preceding 10 years.

    3.    Set forth the dates of your employment with defendant Town of East Fishkill, together with job titles, duties and nature of employment and rates of compensation. If it is claimed that the actions of the defendants adversely affected your employment set forth the actions of each defendant causing such adverse affect and now it will be claimed such actions affected such employment.

    4.    Set forth the caption, index number, and nature of proceeding, whether judicial or otherwise, for any claims you have made concerning alleged civil rights violation, selective enforcement, or

any alleged discrimination, or any other claims concerning employment.

5. Identify each and every statement of each defendant which it is claimed is evidence of or substantiates any of the allegations made in plaintiffs' Complaint, together with the nature and specific details of said communication, place of said communication and any witnesses thereto, and copies of any writings, recordings, or any other memorialization of said communications, together with date and place of each alleged communication.

6. Set forth the dates of each complaint made by the plaintiff to the Town Board or any other municipal authority concerning the actions of any of the individually named defendants, together with a statement as to whether such complaints were oral or in writing, details of said complaint and, if in writing include copies thereof.

7. Provide the name and address of any individual or other source of of any information forming the basis of any of complaints set forth in Interrogatory 6.

8. Set forth how it will be claimed that the individual defendants retaliated against the plaintiff including details as to specific actions taken, and the date and nature of the statements, actions or occurrences allegedly leading to said retaliation, and witnesses to either the complaints or the retaliation.

9. If it is claimed that plaintiff was otherwise discriminated against by any of the defendants, set forth the alleged basis for such discrimination, the acts of the defendants evidencing such discrimination together with dates and details and the names of any witnesses thereto.

10. If it is claimed that plaintiff was not provided equal protection under the law, set forth the names and addresses of those persons allegedly similarly situated to the plaintiff, and the ways it will be claimed that such persons were treated differently than the plaintiff together with details of such treatment and dates thereof, together with copies of all documents evidencing such treatment and the names and addresses of witnesses thereto.

11. Describe in detail the actions of Defendant Miller which plaintiff will claim were indicative of the alleged hostility of Defendant Miller toward plaintiff. If plaintiff's knowledge of said actions is not from personally observing said actions, set forth the names and addresses of the sources of said information.

12. Set forth all of the actions of Defendant Miller which it will be claimed violated the settlement agreement of 2006, with dates and details of such actions and witnesses thereto.

13. Set forth the dates and details of all communications with the Town of East Fishkill building inspector concerning the conversion of the plaintiff's garage, providing the name of the building inspector with whom plaintiff communicated; names and addresses of witnesses to each communication, and a statement as to whether such communications were written or oral, if written, provide copies thereof. Specify the number of apartments which it will be claimed said building inspector approved and provide copies of all approved plans for the conversion.

14. Set forth the names and current addresses of all persons who have resided in plaintiff's converted garage with dates of occupation.

15. Set forth the names and addresses of those homeowners whom it will be claimed were permitted by the Town or its officials to build and operate accessory apartments after 1985.

16. Set forth the dates on which representatives of the East Fishkill Police Department visited the premises of the plaintiff and/or the accessory building, identifying the reasons for said visits, the names of the officers involved in each visit, the names of all witnesses thereto, and details of any conversations with said officers.

17. Set forth the phone numbers of all cell phones of plaintiff; plaintiff's family members; and all other persons residing at or visiting plaintiff's premises in August of 2007, together with names of the cell service providers for each phone.

18. Set forth how plaintiff learned that no call had been placed from any phone associated with plaintiff or members of his family on the night of the visit of the two officers to plaintiff's premises in early August of 2006.

19. Set forth the dates and specific details of all communications between plaintiff or any other person and Defendant Jackson in which Defendant Jackson barred plaintiff from the operation of the accessory apartment on plaintiff's property stating whether said communications were written or oral, and if written, provide copies thereof.

20. Set forth the dates and details of all statements and/or actions of Defendant Jackson which plaintiff claims constituted an effort to embarrass plaintiff, burden his candidacy for public office, and/or punish him for protected speech or activity.

21. Set forth all of those statements made about plaintiff by Defendant Jackson and/or his subordinates which plaintiff claims were false or misleading, together with the details of said statements, the names of the persons making said statements, the names of the persons to whom said statements were made, and whether said statements were written or oral. If written, provide copies.

22. Set forth in what manner it will be claimed that plaintiff's right to seek public office was substantially burdened and/or chilled.

23. If it will be claimed that plaintiff sought treatment, of any kind, for anxiety or mental anguish as a result of the actions of the defendants, set forth the names and addresses of those persons from whom plaintiff sought such treatment together with the dates and nature of treatment.

24. Set forth those amounts which plaintiff anticipated receiving as income from the accessory apartments located in plaintiffs' garage, together with names and addresses of those persons from whom plaintiff anticipated receiving such income.

25. Set forth the names and addresses of those subordinates of Defendant Nichols who complained against plaintiff's accessory use during the electoral campaign, together with the names of those persons to whom said complaints were made.

26. Set forth the names and addresses of those subordinates of Defendant Jackson who alleged a violation of local law by the plaintiff while plaintiff was a candidate for the position of Highway Superintendant together with the names of those persons to whom said allegations were made.

27. Set forth the names of those persons to whom plaintiff protested of the late night visit to plaintiff's premises by representative of the East Fishkill Police Department in August of 2007.

28. Set forth the names and addresses, if known, of any members of the media to whom any false statements were made concerning plaintiff by any of the defendants or their subordinates, together with the statements made and dates thereof.

Dated: White Plains, NY
June 4, 2008

Yours, etc.

_____
John J. Walsh (4092)
**HODGES, WALSH & SLATER, LLP**
Attorneys for Defendant
**Town of Deerpark**
55 Church Street, Suite 211
White Plains, NY 10601
Tel:  (914) 304-4333
Fax:  (914) 304-4335

TO:  SUSSMAN & WATKINS
Attorneys for Plaintiff
P.O. Box 1005
Goshen, NY 10924